**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shane A. LaCount, | ) No. CV-10-8251-PCT-FJM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Yavapai County, et al., | ) |
| Defendants. | ) |

The court has before it plaintiff's motion to remand and request for award of attorney's fees (doc. 4), defendants' response (doc. 7), and plaintiff's reply (doc. 9). We also have defendants' motion to dismiss (doc. 5), plaintiff's response (doc. 6), and defendants' reply (doc. 8).

Plaintiff originally filed this action in the Superior Court of Arizona in Yavapai County. Plaintiff is a former employee of defendant Yavapai County, and alleges he was terminated after notifying defendant of his disability. Plaintiff asserts claims for: (1) wrongful discharge in violation of public policy; (2) breach of contract; (3) breach of implied covenant of good faith and fair dealing; (4) violation of due process under the Arizona Constitution; (5) intentional interference with contractual relations; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. Notice of Removal, ex. A, Complaint (doc. 1). Defendants removed on the basis of federal question subject matter jurisdiction, pursuant to 28 U.S.C. §1441. They relied on plaintiff's allegations of violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et. seq. and

the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq. Notice of Removal, ¶ 7. Plaintiff moves to remand because none of his causes of action arises under federal law.

We have jurisdiction where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacations Trust, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856 (1983). Jurisdiction exists only where a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). The removal statute is strictly construed, and defendants bear the burden of establishing that removal is proper. Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009) (citing Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002)).

In their opposition to plaintiff's motion to remand, defendants argue only that plaintiff states a cause of action under the ADA.[1] Plaintiff does not include a cause of action under the ADA as one of his seven claims. Nevertheless, defendants argue that "the 'well-pled' allegations of the Complaint specifically raise factual allegations supporting an ADA-based cause of action" for discrimination and/or retaliation. Response at 5.

Plaintiff explains that he has not asserted a cause of action under the ADA, as such a claim would fail because the Equal Employment Opportunity Commission ("EEOC") has not completed its investigation of plaintiff's charge of discrimination, and so plaintiff does not have a right to sue letter. See 42 U.S.C. 2000e-5(e)–(f). Defendants counter that the ADA's requirement that plaintiff obtain a right-to-sue letter is not jurisdictional, and therefore, plaintiff's failure to allege administrative exhaustion does not preclude jurisdiction. See Josephs v. Pacific Bell, 443 F.3d 1050, 1053 (9th Cir. 2006) ("An individual plaintiff

---

[1] Defendants agree with plaintiff that he has not plead a cause of action under the FMLA. See Response at 4 n.1 (doc. 7).

- 2 -

must first file a timely EEOC complaint against the allegedly discriminatory party before bringing an ADA suit in federal court. . . . The filing of a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to filing suit, but is a requirement subject to equitable doctrines such as waiver and tolling.").

Defendants' argument is beside the point. Plaintiff does not contend that an ADA claim would necessarily be barred on jurisdictional grounds, but rather explains that he chose not to bring the ADA claim because it would be premature and likely dismissed for failure to exhaust administrative remedies. Further, given that plaintiff filed a complaint before the EEOC, it is not surprising that his complaint contains factual allegations that could support a cause of action under the ADA. But it does not necessarily follow that he has prematurely brought such a claim. Plaintiff recognizes that only his state law claims are ripe at present. Accordingly, he brought those claims in state court, rather than wait for the conclusion of the EEOC investigation, out of concern that the statutes of limitations for the state claims might run before the EEOC made its final determinations.

Defendants attempt to base our jurisdiction on an implicit federal claim, which both parties recognize would not yet be ready for our review. We will not infer a claim that plaintiff sensibly did not assert. Plaintiff does not state a cause of action under the ADA, and therefore defendants have not met their burden to establish that removal was proper.

Therefore, **IT IS ORDERED GRANTING** plaintiff's motion to remand (doc. 4). **IT IS FURTHER ORDERED REMANDING** LaCount v. County of Yavapai, et al., CV 10-8251-PCT-FJM to the Superior Court of Arizona in Yavapai County. **IT IS FURTHER ORDERED DENYING** defendants' motion to dismiss (doc. 5) as moot. Plaintiff's request for fees shall be resolved in accordance with LRCiv 54.1.

DATED this 2nd day of February, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge