**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shane A. LaCount, | ) No. CV-10-8251-PCT-FJM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Yavapai County, et al., | ) |
| Defendants. | ) |

The court has before it plaintiff's motion for attorney's fees, pursuant to 28 U.S.C. § 1447(c) (doc. 13), defendants' response (doc. 14), and plaintiff's reply (doc. 15). This motion arises out of our Order granting plaintiff's motion to remand because none of his causes of action arises under federal law (doc. 10). Plaintiff requests an award of $4,431.21, based on 17.45 hours of work at a rate of $250 per hour, plus $68.71 in non-taxable costs, (for photocopies, Westlaw research and postage). Plaintiff has complied with LRCiv 54.2(d) by including an affidavit describing the legal services provided, a statement of consultation, a task-based itemized statement of fees and expenses, and a fee agreement (doc. 13-1).

**I**

Plaintiff, a former employee of defendant Yavapai County, alleged he was terminated after notifying defendant of his disability, and asserted seven claims under Arizona law. Plaintiff referenced the Americans with Disabilities Act ("ADA") in his complaint, but did not assert claims under the ADA because the Equal Employment Opportunity Commission ("EEOC") had not completed its investigation of plaintiff's charge of discrimination, and

1 | therefore his claims were not ripe for review. See Motion to Dismiss at 7 (doc. 5).
2 | Accordingly, plaintiff brought his state claims in state court to ensure the statutes of
3 | limitations for those claims did not run before the EEOC made its final determinations.
4 | Defendants claimed that notwithstanding plaintiff's failure to explicitly raise a federal cause
5 | of action, his allegations supported an ADA claim for discrimination and/or retaliation. We
6 | disagreed, explaining that we would "not infer a claim that plaintiff sensibly did not assert."
7 | Order of February 2, 2011 at 3 (doc. 10).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). We award fees "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005). The decision to remove is reasonable if a "reasonable litigant" in defendants' position "could have concluded that federal court was the proper forum in which to litigate" plaintiff's claims. Gardner v. UICI, 508 F.3d 559, 562 (9th Cir. 2007).

Defendants lacked a reasonable basis for removal. Defendants argue they reasonably relied on plaintiff's factual allegations that could support ADA claims of discrimination and retaliation, and that plaintiff constructed "an entire factual scenario which supports an ADA-based claim." Response at 5. However, as we explained, "given that plaintiff filed a complaint before the EEOC, it is not surprising that his complaint contains factual allegations that could support a cause of action under the ADA." Order of February 2, 2011 at 3. Moreover, the unreasonableness of removal is highlighted by defendants' conflicting positions: defendants argued both that plaintiff implicitly asserted a cause of action not mentioned in the complaint, and that the claim had to be dismissed for failure to exhaust. As the parties know, the "process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Martin, 546 U.S. at 140, 126 S.Ct. at 711. Defendants' attempt to remove this action based on a claim that was neither asserted nor ripe demonstrated disregard for the efficient resolution of plaintiff's claims and the resources of

the parties and court. Accordingly, we award plaintiff attorney's fees and costs.

**II**

We base our award on a reasonable rate and number of hours worked. According to their fee agreement, plaintiff was to pay counsel $200 per hour if he was successful on any claim, but now seeks compensation at a rate of $250 per hour. Motion at 7–8. The statute authorizes the award of "just costs and any actual expenses" resulting from removal. 28 U.S.C. § 1447(c). The $200 rate that counsel charged is reasonable, and we decline to award a windfall rate. Counsel reports no delay in payment that would require compensation for "missed investment opportunities as well as lost interest." Gates v. Deukmejian, 987 F.2d 1392, 1406 (9th Cir. 1992). We also do not believe the result obtained (the remand of the action) or the skills required are exceptional. Wing v. sarco Inc., 114 F.3d 986, 989 (9th Cir. 1997) ("in exceptional cases, quality of representation and exceptional results can, in fact, warrant an adjustment to the lodestar"). To the contrary, we award fees because the grounds for removal were so weak.

Counsel seeks compensation for 17.45 hours of work. This amount is reasonable, except that plaintiff is not entitled to compensation for the one hour billed for counsel's review of defendants' motion to dismiss. Plaintiff is only entitled to costs resulting from improper removal, and it is possible that defendants would have moved to dismiss plaintiff's alleged federal claims even if the action had remained in state court.

We therefore award plaintiff compensation for 16.45 hours of work at a rate of $200, plus $68.71 in related expenses, for a total of $3,358.71.

**IT IS ORDERED GRANTING** plaintiff's motion for award of attorneys' fees (doc. 13). **IT IS ORDERED** that plaintiff is awarded $3,358.71 in fees.

DATED this 15th day of July, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge